# Young & Co. v. Stoutz & Co.

*Motion for Application of Money in Sheriff's hands.*

1. *Mechanic's lien; accrual of, and priority as against attachment.*—A mechanic's statutory lien for labor performed, or materials furnished, accrues from the time at which the labor is done or commenced, or the materials are furnished (Code, §§ 3440–47); and if the claim is properly filed for record within the time prescribed, followed up by suit within ninety days (§ 3454), and prosecuted to judgment without unnecessary

delay, the lien is superior to that of an attachment levied on the property subsequent to its accrual, though before the commencement of the suit to enforce it.

2. *Same; when attaching creditor is not made party to suit.*—An attachment having been levied on the property after the accrual of the mechanic's lien, the attaching creditor may be made a party to the statutory action for the enforcement of the lien, and he will then be bound by the judgment rendered in that action; but, if he is not made a party, he is not bound by its recitals as to the time when the lien accrued; and the property being sold under executions on the judgments rendered in both cases, and the money brought into court by the sheriff, the records of the two cases being the only evidence before the court, the money is properly awarded to the plaintiff in the attachment case, whose attachment was levied before the mechanic's claim was filed for record.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This was a contest between A. L. Young & Co. and Stoutz & Co., as to their respective rights to certain moneys in the hands of the sheriff, arising from the sale of certain property, real and personal, under execution against the Mobile Furniture Manufacturing Company, a domestic corporation. Each of the claimants had obtained a judgment against said corporation, and each had an execution in the hands of the sheriff at the time of the sale. The judgment of Young & Co. was rendered on the 25th May, 1883, in a statutory action commenced on the 9th February, 1883, which sought to enforce an alleged mechanic's lien on the property. The judgment in favor of Stoutz & Co. was rendered on the 17th May, 1883, in an action commenced by original attachment, which was levied on the property on the 22d January, 1883. On the hearing of the motion for the application of the money, each party offered in evidence the record of the judgment and proceedings in their own favor; and this being all the evidence adduced, the court awarded the money to Stoutz & Co. Young & Co. excepted to this ruling and judgment, and they here assign the same as error. The opinion states the facts on which each of the claims was founded.

F. G. BROMBERG, for the appellant.—The appellants' claim was filed for record in due time, and being duly prosecuted to judgment, the lien relates back to the time when the materials were furnished and the work done.— *Welch v. Porter*, 63 Ala. 225. The appellees acquired, by the levy of their attachment, only an inchoate lien upon the property, or the interest of the defendant therein, which was subject to the existing lien in favor of the appellants; and this levy was paramount only to subsequent charges and incumbrances.—*Henderson v. Ala. Gold Life Ins. Co.*, 72 Ala. 32; *Griggs v. Banks*, 59 Ala. 311; Phil. Mech. Liens, § 225, 2d ed. As subsequent incumbrancers,

it was not necessary that these attaching creditors should be made parties to the action to enforce the lien; to require that they should be, would greatly impair the efficiency and simplicity of the summary remedy given to mechanics. If they are not made parties, they would not be concluded by the judgment, and might impeach the validity or extent of the lien claimed; but this was not here attempted. The law giving such liens is to be construed liberally.—Phil. Mech. Lien, §§ 16, 17. The property sold being subject to the appellant's lien, that lien follows the proceeds of sale, and must be first satisfied.— *Werth v. Werth,* 2 Rawle, 151; *Burt v. Kurtz,* 5 Rawle, 246; *Barnes' appeal,* 46 Penn. St. 350; *Steigelman v. McBride,* 17 Illinois, 300; *Robson's appeal,* 62 Penn. St. 405; *Yeardley v. Flanagan,* 22 *Ib.* 489; Phil. Mech. Lien, §§ 196, 249.

OVERALL & BESTOR, *contra.*—The lien of the attachment dates from the levy of the writ, and overrides the mechanic's lien under a claim filed afterwards; and the subsequent judgment establishing the mechanic's lien will not be allowed to defeat it by legal operation. The doctrine of relation is a legal fiction, which is never indulged when it will work injustice. The appellees might have been made parties to the appellants' statutory action (Code, § 3447), and they would then have been bound by it; but, not having been made parties, they are not concluded by that judgment.—*Crutchfield v. Hudson,* 23 Ala. 400; *McLelland v. Ridgeway,* 12 Ala. 482; Freeman on Judgments, § 154.

STONE, J.—The sheriff of Mobile county sold certain lands, and the machinery erected thereon, as the property of the Mobile Furniture Manufacturing Company. At the time of the sale, he had in his hands two executions against said company; one in favor of Stoutz & Co., for something over nine thousand dollars; the other in favor of Andrew L. Young & Co., for one hundred and sixty-one dollars, and interest and costs. The sum produced by the sheriff's sale was more than enough to pay the smaller execution, but not enough to pay the larger. The sale was in fact made under the execution in favor of Stoutz & Co., and the sheriff so returned.

The claim of Stoutz & Co. was as follows: On the 22d January, 1883, they sued out their original attachment against the Mobile Furniture Manufacturing Company, a private corporation; and on the same day it was levied on the property, real and personal, which was afterwards sold by the sheriff. The proceeds of that sale are the subject of the present contention. On the 17th May, 1883, Stoutz & Co., reduced their claim to judgment; and on the 10th July, 1883, an execution

[Young & Co. v. Stoutz & Co.]

was issued on said judgment, which was received by the sheriff on the same day. Under this execution, he sold the property on the first Monday in September, 1883.

A. L. Young & Co. claimed as follows: On the 26th January, 1883, they filed in the Probate Court of Mobile county their claim, as original contractors, of lien on the said real estate and machinery attached, for alleged materials and repairs furnished and done in and about the machinery on said premises. The charges extend from September 18, to November 27, 1882, and may, in form, be conceded to assert a mechanic's lien, under section 3444 of the Code of 1876. On the 9th day of February, 1883, A. L. Young & Co. instituted their suit against the Mobile Furniture Manufacturing Company, to collect said claim, and to enforce said lien. The complaint is in regular form to accomplish the double purpose. Only the Furniture Manufacturing Company was made defendant to the suit. On the 25th May, 1883, this claim was reduced to judgment final on verdict, and established a lien on the real estate for the amount sued for and recovered. Execution on this judgment was issued, and placed in the hands of the sheriff, on the 2d day of July, 1883. There was indorsed on this execution a notice to the sheriff that said *fi. fa.* was "a special lien upon all property of defendant described in the judgment." As we have said, each of these executions was in the hands of the sheriff, when the lands were sold for a sum more than sufficient to pay the alleged mechanic's claim and lien. The sheriff, being notified by A. L. Young & Co. that they claimed the paramount lien, returned the facts to the court, and asked instructions as to the application of the funds. In this, the sheriff acted clearly within the line of his duty, and the Circuit Court acquired jurisdiction of the controversy.—*Campbell v. Spence*, 4 Ala. 543. The Circuit Court adjudged, that Stoutz & Co. had the paramount lien, and that the funds be paid to them, leaving nothing for A. L. Young & Co.

There can be no question, that a mechanic's lien for materials and labor put on stationary machinery, such as is shown in this case, if presented and filed in time, followed up by suit and recovery in time, is superior to that of an attaching creditor, whose attachment is levied subsequent to the accrual of the mechanic's lien; and the lien of the latter accrues from the date the materials are furnished, or the labor done, or commenced.—Code of 1876, §§ 3441-2; *Welch v. Porter*, 63 Ala. 225; *Ex parte Schmidt*, 62 Ala. 252; *Rothe v. Bellingrath*, 71 Ala. 55. This primary or inchoate lien, however, loses all force and vitality, unless it is followed up by a proper filing for record under section 3444 of the Code, and suit brought within ninety days after such filing, and prosecuted without unneces-

37

[Alabama Gold Life Insurance Co. v. Thomas.]

sary delay to final judgment.—Code of 1876, § 3454. If, on the other hand, these steps be taken as prescribed, then the lien attaches from the time the materials were furnished, or work commenced.—Code, § 3442.

A. L. Young & Co. had it in their power to make Stoutz & Co. parties to the suit they instituted to enforce their lien. Code, § 3447. Had they done so, then a recovery by them, fixing the time when their materials and labor were furnished, at a date anterior to the levy of the attachment, would have conclusively established their right to be first paid out of the proceeds of the sale. They did not make Stoutz & Co. parties, and hence did not, by that suit, establish their paramount claim. A judgment is evidence of the facts it ascertains, only against parties to the record and their privies.—See 1 Greenl. Ev. § 522; Code, § 3447.

On the motion for directions as to the application of the funds, only the records of the two suits were offered in evidence. This, as we have shown, contained on the side of Young & Co. only the statement of the asserted lien, filed in the Probate Court, and the record of recovery against the Furniture Manufacturing Company. Neither of these was evidence against Stoutz & Co. of any thing occurring before the judgment, and not then against liens of older date.— *Walker v. Elledge*, 65 Ala. 51; *Gilbreath v. Jones*, 66 Ala. 129. This case then, as between these parties, stands on the naked facts, that Stoutz & Co. had their attachment levied January 22d, 1883, and followed it up with judgment and execution, under which the property was sold. This gave them a *prima facie* right to the money. As against them, Young & Co. showed no lien until their execution went into the hands of the sheriff, some six months afterwards. In such state of the proof, the Circuit Court was without discretion.

The judgment of the Circuit Court is affirmed.