BAILEY LUMBER COMPANY *v.* JOHN BALL *et al.*

(No. 9295)

Submitted April 21, 1942. Decided May 12, 1942.

*Bailey & Shannon,* for appellants.
*Kingdon & Kingdon,* for appellee.

LOVINS, JUDGE:

The Bailey Lumber Company instituted this suit in the Circuit Court of Wyoming County for the purpose of enforcing a materialman's lien for building materials, in the amount of $205.25, furnished to a contractor, and used in the construction of a building for John Ball on a town lot owned by him in Mullens, Wyoming County. There was no dispute as to the amount or the fact that the material was so used. However, by his answer to the bill of complaint, Ball denied the creation of a lien for the benefit of plaintiff against the property involved, because of the failure to follow the statutory requirements necessary thereto. Following a hearing, the lower court found that

the mechanic's lien described in the bill of complaint was a valid and subsisting lien upon the property of defendant Ball, and decreed a sale thereof for the satisfaction of the lien in the event of failure to pay the same. In prosecuting this appeal, the sole error assigned by Ball is the holding of the lower court that plaintiff substantially complied with Code, 38-2-11, providing for notice to be served on the property owner.

From the evidence adduced at the hearing and the exhibits, it appears that notice was served on Ball by Ed Mullens, a deputy sheriff for Wyoming County. The notice was in the form set out in Code, 38-2-11, and consisted of two sheets of paper and invoices for the materials furnished. The first sheet contained the notice and the second sheet contained the verification or affidavit thereto. Knowing that Ball is blind, Mullens either read the notice to him or explained its contents and then tore out the second sheet for the purpose of making his return thereon. Mullens stated that he was not sure whether he had two copies of the notice and affidavit or not. However, he says that he left all the papers he had with Ball except the sheet torn out. A few days thereafter, Ball turned over to his counsel all of the papers he had received from Mullens, described by Ball as "one set of papers," and at that time, counsel called his attention to the fact that there was no affidavit attached to the notice, and later wrote Ball and advised him that the papers had no validity because of the absence of the affidavit. After Mullens had completed his return on the torn sheet, it was mailed to counsel for plaintiff, and introduced in evidence at the request of and upon behalf of defendants, as "Defendants' Exhibit No. 2."

It therefore appears that there is some conflict in the testimony as to whether another notice in addition to that from which the affidavit was removed by Mullens was handed to Ball. This controverted question was not decided by the trial court. In a written opinion, made a part of the record by the final decree, the chancellor observed that the ragged edges of "Defendants' Exhibit

No. 2" fit in with those of the original notice, making it apparent that it is the "exact sheet that was removed by Mullens and when laid together makes the Notice technically complete". Applying the rules of liberal construction of the statute, and substantial compliance therewith, as expressed in *Georgia Lumber Co.* v. *Harrison Construction Co., et al.,* 103 W. Va. 1, 136 S. E. 399, the chancellor then finds that the mechanic's lien has been established.

We do not agree with the conclusion of the trial chancellor. The affidavit is a requisite part of the notice to the land owner. Such affidavit is appended to the form of notice appearing in Code, 38-2-11. We believe that the requirement of an affidavit is implicit in the statute. A verified notice duly served on a land owner within the time required by Code, 38-2-11, is essential to the preservation of a materialman's lien. *Steel Co.* v. *Masonic Association,* 81 W. Va. 222, 94 S. E. 127. The affidavit can not be supplied by amendment. *Lockhead* v. *Berkeley Springs W. & T. Co.,* 40 W. Va. 553, 21 S. E. 1031. However, without limiting or modifying the holding in the *Georgia Lumber Company* case, we do not believe it warrants the finding of the chancellor herein. In that case the notice was sworn to before a notary in Virginia who failed to affix his official seal to the jurat, as required by Code, 57-5-9. This defect was remedied by the tender of an amended notice, bearing such seal, at the hearing in the suit to establish the lien. The court therein pointed out that the notice as served "bore upon its face ample evidence to the non-technical mind of having been sworn to * * *." As before indicated, it was there held that a liberal construction of the statute should be applied where it appears that there is a clear legal right to the lien and the controversy is whether lienor has properly proceeded to establish his lien, and, further, that substantial compliance is sufficient in such case. The facts of this case are distinguishable. Herein, there was no evidence, even to a non-technical mind, that the notice was sworn to, for after Mullens removed the sheet of

paper containing the affidavit, the notice was barren thereof. If the notice from which the affidavit was torn was the only one served on Ball, there was no compliance with the statutory requirement of an affidavit.

The service of an unverified notice on Ball was ineffectual to preserve the lien of the materialman, and the trial court erred to Ball's prejudice in holding otherwise.

Was a verified notice actually served on Ball? This issue of fact was not determined by the trial court. In our view, this is the decisive factor. On one hand, we have the testimony of Ball that he only received one notice and that he turned it over to his counsel in the same condition he received it from the deputy sheriff. On the other hand, we have the return of the officer and his testimony to the effect that he "thinks" he had two notices and that he left all the papers he had with Ball, except the paper which he detached and on which he made a return.

The testimony of the deputy sheriff is indefinite but when considered with the return it does furnish some evidence that two copies of the notice were handed to Ball, which evidence is controverted by Ball's testimony. The testimony was heard in open court and the trial chancellor had an opportunity to observe the witnesses and weigh the evidence. "This Court will not in the first instance consider questions not yet acted upon by the trial court." *Highland* v. *Davis,* 119 W. Va. 501, 195 S. E. 604, 611.

For reasons set forth herein we reverse the decree of the Circuit Court of Wyoming County and remand the cause for further proceedings.

*Reversed and remanded.*