10 So.2d 296

**WOODMEN OF THE WORLD LIFE INS. SOC. v. BOLIN et al.**

6 Div. 945.

Supreme Court of Alabama.

Oct. 8, 1942.

Rehearing Denied Nov. 12, 1942.

Pennington & Tweedy, of Jasper, for appellees.

Arthur Fite, of Jasper, for appellant.

slip which is in the following words and figures:

"D. Bolin (Orig)

"5—13—40.

"Applicant's Acceptance of Life Paid-Up at Age 85 Certificate.

"(This slip must be signed in the presence of the Financial Secretary and by him detached and forwarded to the Secretary of the Society)

Age 58    Amount of certificate $5000.00    Jun 7 Paid

Amount Due — I have read the above certificate No. 1712359 of the Woodmen of the World Life Insurance Society and the conditions named therein and hereby agree to and accept the same as a member of camp No. 115, State of Ala. this 29 day of May, 1940, and warrant that I am in good health at this time, and have not been sick or injured since the date of my application, and that all requirements of the constitution, laws and by-laws of this society, a copy of which I have received, have been complied with.

Month Amount
May       15.35
Installment for fractional part of month
Installment for June 25.60 full month.

Total amount to be collected upon delivery of certificate and remitted with this acceptance slip to the secretary of the society first mail
        40.95
D.  Bolin, Hamilton, Ala.

"D. Bolin,

"Witness: Z. E. Watson,
        Financial Secretary
            "Field Man    C. Palmer
                Cashier Dept. M.
                    June 7, 1940."

LIVINGSTON, Justice.

Appellant is a fraternal benefit society, incorporated under the laws of the state of Nebraska.

The appeal is from a judgment of the Circuit Court of Walker County in a suit by appellees against appellant on a benefit certificate issued by appellant on the life of Davie Bolin under date of May 29, 1940. The insured died of myocarditis and bronchial asthma on December 21, 1940.

The complaint consists of one count in Code form. Further pleading is in short by consent, with leave, etc.

The benefit certificate was delivered by Z. E. Watson, financial secretary of Hamilton, Alabama, Camp No. 115, to Mrs. Bolin, wife of the insured, on May 29, 1940, at Hamilton while the insured was in Birmingham being treated by physicians for prostatitis. Mrs. Bolin delivered the benefit certificate to the insured upon his return from Birmingham. All premiums due were paid by the insured and accepted by the insurer. At the time the benefit certificate was delivered to Mrs. Bolin she signed the insured's name to an acceptance

The here pertinent provisions of the constitution, laws and by-laws of appellant society, and which are a part of the benefit certificate contract, are:

"Section 56. The liability of the society for payment of benefits shall not begin until * * * the applicant shall have * * * signed his certificate and acceptance slip attached thereto. * * * The foregoing are hereby made a part of the consideration for, and are conditions precedent to, the liability for the payment of benefits.

"Section 57. (1st) The certificate is issued in consideration of the representations, warranties and agreements made by the person named therein in his application to become a member, in the form and as passed upon and accepted by the medical director.

"Section 58. The applicant shall also sign the beneficiary certificate and the acceptance slip attached thereto; said acceptance slip shall be detached by the financial secretary of the camp and forwarded to the secretary of the society.

"Section 59. Failure to comply with any of the several conditions precedent named

in these laws shall be an absolute bar to any claim on the beneficiary fund of this society, under or by virtue of any beneficiary certificate that may have been issued, or that may hereafter be issued to an applicant or by reason of any steps taken by an applicant to entitle him to the same, or by a subordinate camp or member thereof; and no state manager, field representative, fieldman, officer, member or employee of the society, or of the Sovereign Camp, head camp or subordinate camp, has any authority to change, alter, modify or waive the foregoing requirements or the consequences thereof in any manner. * * *

"Section 82. (a) No officer, employee or agent of the society or the Sovereign Camp, head camp or of any camp, has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive any of the provisions of this constitution or these laws, nor shall any custom or course of dealing on the part of any financial secretary or of any camp or any number of camps—with or without the knowledge of any officer of the society —have the effect of so changing, modifying, waiving or foregoing such laws or requirements. Each and every beneficiary certificate is issued only upon the conditions stated in and subject to the constitution, and laws, then in force or thereafter enacted, nor shall the knowledge or act of any officer or employee of this society constitute a waiver of the provisions of these laws by the society or an estoppel of this society.

"(b) The articles of incorporation, the constitution, laws and by-laws of the society, the application and medical examination, or declaration of insurability, if accepted in lieu of medical examination, signed by the applicant, and all amendments to each thereof, the benefit certificate, and any riders attached thereto or endorsements made thereon by the president or secretary of the society shall constitute the contract between the society and the member."

Appellant insists that the above quoted provisions of section 56 of appellant's constitution, laws and by-laws are binding on the insured, and that the benefit certificate never became effective because the insured's name was signed to the acceptance slip by insured's wife in his absence.

The undisputed evidence discloses that all premiums due on the benefit certificate were paid by the insured; that the certifi-

cate itself contained the following statement: "I have read the above certificate and accept the same and warrant that I am now in good health and have not been sick or injured since the date of my application for this certificate." The benefit certificate bears the signature of Davie Bolin, the insured, and there is no evidence that he did not actually sign it.

One may be bound by an agreement to which his signature is affixed by adoption or ratification as well as though it had been written by his own hand. Wild v. Crum, 207 Ala. 132, 92 So. 252; Langham et al. v. Jackson et al., 211 Ala. 416, 100 So. 757; 13 Corpus Juris, § 130, p. 307; 17 Corpus Juris Secundum, Contracts, § 62 (c), p. 413. And such adoption or ratification may be express or implied. 17 Corpus Juris Secundum, Contracts, § 69, p. 419.

The signing of the certificate by the insured, Bolin, and the payment of all premiums due, constituted an effective adoption or ratification of the act of insured's wife in signing insured's name to the acceptance slip. Her act became his act and completed the contract between the parties, there being no evidence of a contrary intent on the part of the insured.

It is next insisted that insured was guilty of misrepresentation or breach of warranty as to his health in the application for insurance and the acceptance of the benefit certificate.

Section 234, Title 28, Code of 1940 (section 8507, Code of 1923), provides: "No written or oral misrepresentation, or warranty in any contract of insurance made by a secret fraternity, or other organization of like kind, which insures its members, or others, or in the negotiation of such a contract of insurance, or in the application therefor, or proof of loss thereunder, shall defeat or avoid the contract of insurance, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

It would serve no good purpose to set forth the evidence in detail, suffice it to say we have carefully examined all of it, and find only questions of fact presented, which were properly submitted to the jury for their determination. Padgett v. Sov. Camp, W. O. W., 218 Ala. 255, 118 So. 456; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307, 310; Sovereign Camp, W. O. W., v. Gibbs, 217 Ala. 108, 114

So. 915; Sovereign Camp, W. O. W., v. Rowe, 225 Ala. 336, 143 So. 171; Sovereign Camp, W. O. W., v. Jackson, 233 Ala. 120, 170 So. 192; Sovereign Camp, W. O. W., v. Deese, 236 Ala. 85, 181 So. 274; Sovereign Camp, W. O. W., v. Moore, 232 Ala. 463, 168 So. 577; New York Life Ins. Co. v. Hoffman, 238 Ala. 648, 193 So. 104; Sovereign Camp, W. O. W., v. Davis, 242 Ala. 235, 5 So.2d 480.

We find no error in the record, and the cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.