43 So.2d 421

**GRAY v. McKINLEY et al.**

**6 Div. 829.**

Court of Appeals of Alabama.

Oct. 5, 1949.

Rehearing Denied Nov. 1, 1949.

H. P. Lipscomb, Jr., and L. Herbert Etheridge, of Bessemer, for appellant.

632

McEniry, McEniry & McEniry, of Bessemer, for appellees.

HARWOOD, Judge.

The complaint below, filed by a party who was not an original contractor, was to enforce a mechanic's lien on real property owned by the defendant William M. McKinley, allegedly arising out of the installation of a furnace on said property by R. R. Fields, a general contractor.

The complaint was originally in one count. Demurrers being sustained to this count the complaint was amended by adding counts A and B.

Demurrers were filed to these counts, and by the court sustained. The plaintiff thereupon took a nonsuit and perfected his appeal to this court.

The fourth ground of said demurrers is that:

"For it does not appear that this defendant was ever given notice required by law to fasten a lien on the premises described in the complaint."

A mechanic's and materialman's lien exists by virtue of Section 37, Title 33, Code of Alabama 1940.

Under Section 41, Title 33 of the Code, it is the duty of every person entitled to such lien to file a verified statement in the office of the probate judge of the county in which the property is situated containing certain information mentioned in said section. Section 42, Title 33 of the Code, sets certain time limits within which the different types of lien claimants must file such notice in the probate office, and the time limit in which suit must be brought for the enforcement of such lien.

Where the lien is claimed by other than the original contractor, Section 46, Title 33, of the Code, imposes an additional duty on such lien claimant. This section provides:

"Every person, except the original contractor, who may wish to avail himself of the provisions of this article, shall before filing his statement in the office of the judge of probate, give notice in writing to the owner or proprietor, or his agent, that he claims a lien on such building or improvement, setting forth the amount thereof, for what, and from whom it is owing; and after such notice, any unpaid balance in the hands of the owner or proprietor shall be held subject to such lien. But the provisions of this section shall not apply to the case of any material furnished for such building or improvement, of which the owner was notified in advance as provided in section 37 of this title."

Neither count of the complaint avers that the notice specified in Section 46, supra, was ever given to the defendant William McKinley.

The appellant argues however that such notice is not essential where, as in this case, he has filed the verified notice in the probate office as required by Section 41, provided an unpaid balance remains in the hands of the property owner at the time suit is filed, the complaint containing a copy of the notice filed in the probate office.

The lien of a mechanic or materialman is neither a right in nor to the property. Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68. Such lien

did not exist at common law, and being in derogation thereof its enforcement depends upon compliance with all substantial matters of the statute. Snellings Lumber Co. v. Porter, 225 Ala. 164, 142 So. 560.

 Very clearly Section 46, supra, provides that "Every person, except the original contractor, who may wish to avail himself of the provisions of this article (the perfection of a mechanic's or materialman's lien) *shall* before filing his statement in the office of the judge of probate, give notice in writing to the owner * * *."

The imperative and mandatory character of this provision could hardly have been expressed in more explicit language.

While appellant's counsel has cited cases from three other jurisdictions tending to support his contention, little precedential value can be attached to such cases because of the dependence of their conclusions on the statutes of the particular states in which they arose. The inquiry in all such cases is, what is the legislative will and intent as expressed in the statute. Ex parte Schmidt, 62 Ala. 252.

In the following jurisdictions, and perhaps others, having statutory provisions somewhat analogous to ours, the courts have concluded that the filing of notice with the owner, where the lien claimant was not an original contractor dealing directly with the owner, is essential to the perfection of a mechanic's lien. Parker v. Tilghman V. Morgan, Inc., 170 Md. 7, 183 A. 224; Saginaw Lumber Co. v. Stirling, 305 Mich. 473, 9 N.W.2d 680; Bailey Lumber Co. v. Ball, 124 W.Va. 340, 20 S.E.2d 241; Meier v. Harney & Duffy, 99 Pa. Super. 229; Hayden v. Tyler Oil Corp., Tex.Civ.App. 6 S.W.2d 777; L. J. Mueller Furnace Co. v. Dreibelbis, Mo.App., 229 S. W. 240.

Furthermore, we think the following language of Bouldin, J., in Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826, 828, conclusive of the question of the correctness of the court's rulings on the demurrers in this case:

"The provisions * * * of Section 8840 (now Sec. 46, Title 33, Code of 1940), requiring notice in writing to the owner * * * are for the protection of the owner. * * * Until such notice given, the lien remains inchoate or potential as a lien on specific property, as all liens declared remain inchoate until the required statement is filed in the office of the Judge of Probate."

It is our conclusion therefore that the lower court's rulings on the demurrers to the counts in this complaint were correct, and this cause is due to be affirmed. It is so ordered.

Affirmed.