In re ATKINSON'S ESTATE
HANSEN, et al. *v.* ATKINSON, EXECUTRIX, ETC.

No. 39603          March 12, 1956          86 So. 2d 16

*Bidwell Adam,* Gulfport; *Albert Sidney Johnston, Jr.,* Biloxi, for appellants.

*Morse & Morse,* Gulfport; *Louis Hengen,* Biloxi, for appellee.

KYLE, J.

The judgment in this case was affirmed by us on May 16, 1955, and the appellants were taxed with the costs on appeal. The suggestion of error was overruled on June 13, 1955. See 80 So. 2d 12.

Thereafter the appellants filed a motion to retax the costs, and also a supplemental motion. The appellants in their motion to retax the costs take exception to the large item of $488.50 which represents the clerk's fee for transcribing the record on appeal, and which includes a fee for the clerk for recopying as a part of the record the transcript of the court reporter's notes prepared by the court reporter pursuant to an order of the master and filed as a part of the master's report. The appellants in their motion also take exception to the charges made by the clerk for recopying several pages of exhibits and other papers which, under the rules of this Court, should not have been included in the record on appeal.

Notice of the motion to retax the costs was given to the chancery clerk, and the chancery clerk has filed an answer to the motion.

The record on appeal to this Court is a three-volume record containing 716 pages. The court reporter's notes covered 591 pages of the 716 page record. The clerk's fee for the transcript of the record, as shown on the bill of costs, amounts to $488.50, which represents the cost of transcribing 195,400 words at 25c per 100 words. The remaining items on the cost bill consisted of additional clerk's fees amounting to $18.60, and a $2.00 fee to be paid to the sheriff for the service of process on appeal.

It is stated in appellants' brief on the motion to retax the costs, and not denied in the answer filed by the chancery clerk, that the court reporter made an original and a carbon copy of the transcript of the evidence, and filed the same with the clerk prior to the date of the hearing of the exceptions to the master's report, and that the transcript was made a part of the report; and the appellants contend in their motion that the clerk should have used the original of the court reporter's transcript of the evidence in making up the record to be sent up to this Court on appeal, as provided in Chapter 350, Laws of 1950. (Section 1644, Code of 1942 as amended). The appellants argue that the court reporter's transcript of the evidence should be treated just as it would have been treated if the case had been heard directly by the chancellor, and the transcript of the testimony had been filed after notice of appeal, as provided in Section 1640, Code of 1942.

The clerk in his answer admits that most of the $488.50 charged in the cost bill as the clerk's fee for transcribing the record represents a charge for copying the court reporter's transcript of the evidence taken before the master, which had been transcribed by the court reporter and filed as a part of the master's report prior to the .

hearing of exceptions to the master's report. But in answer to appellants' claim that he was not entitled to a fee for copying the court reporter's transcript of the testimony, the clerk says that when the case was appealed it became his duty under Code Section 1189, Code of 1942, to copy all of the papers in his office and files, and to make up and certify the same to the Supreme Court, and the master's report and the transcript of the evidence filed therewith were necessarily included in the papers which he was required to copy.

■■ After a careful examination of the statutes referred to in the appellants' motion and the clerk's answer to the motion, we think that the clerk was not entitled to a fee for copying the court reporter's transcript of the testimony which had been filed as a part of the master's report. ■■ Section 1640, Code of 1942, provides that the court reporter shall receive ten cents per one hundred words for transcribing and filing his notes, which shall be taxed as costs; and the statute then provides that the court reporter shall file with the clerk the original and one carbon copy of his notes so transcribed, together with all exhibits to the testimony, for which carbon copy no charge shall be made, and "the original of such transcript shall be used by the clerk in making up the record for the Supreme Court, and no other fee shall be allowed for this part of the record." Section 1644, Code of 1942, as amended by Chapter 350, Laws of 1950, provides that: "When the court reporter's transcribed notes have been filed in any case, then all the proceedings in the case properly a part of the record, shall be copied by the clerk, attached in regular form to the original copy of the court reporter's notes, and by him transmitted to the clerk of the Supreme Court as the transcript sent up on appeal unless an abstract or abridged form thereof shall be mutually agreed upon." Both of these statutes indicate clearly the legislative intent that, when the court reporter's notes have been filed in any case, the original

copy of the notes shall be used by the clerk in making up the record on appeal, and that the clerk shall not be allowed a fee for recopying the court reporter's notes for the record on appeal. The purpose of the statutes is to save litigants the additional cost that might be exacted of them if the clerk were required to recopy the court reporter's transcript of the evidence on every appeal. The clerk in this case in making up the record on appeal should have used the original copy of the court reporter's notes then on file in his office, as provided in Code Section 1644, supra.

In his answer to the motion the clerk admits that pages 7, 8, 9 and 10 of the appeal record contain copies of exhibits or other instruments which are copied elsewhere in the record, and that these pages contain 559 words that should not be charged for in the cost bill; and that pages 18, 19, 20, 21, 23 and 24 of the appeal record contain copies of the jury list, venire facias, sheriff's return and endorsements of the clerk, which under the rules of this court should not have been included in the transcript on appeal, and that these pages contain 656 words that should not be charged for in the cost bill; and that the sum of $3.04 should be deducted from the clerk's fee for transcribing the record as shown on the cost bill.

The appellants' motion to retax the costs on appeal is therefore sustained, and the clerk of this Court is directed to determine the amount of the fee that should be allowed the clerk of the lower court for transcribing the record sent up on this appeal, exclusive of that part of the record made up of the court reporter's notes, and the cost bill shall be corrected so as to show the correct amount that should be allowed the clerk for transcribing the record. But no fee shall be allowed for that part of the record which is made up of the court reporter's notes. And the clerk shall also deduct from the amount of costs due the clerk the $3.04 mentioned in the next pre-

ceding paragraph of this opinion. When the amount of the costs have been properly ascertained, the clerk shall retax the costs and judgment shall be entered therefor against the appellants and the sureties on their appeal bond.

Motion to retax costs sustained.

*Roberds, P.J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.