142 So.2d 699

**UNITED STATES of America, Intervenor,**

v.

**Mary F. COSTAS et al.**

**6 Div. 739.**

Supreme Court of Alabama.

June 14, 1962.

W. L. Longshore, U. S. Atty., and R. Macy Taylor, Asst. U. S. Atty., for appellant.

Bland & Bland, Cullman, for appellee Home Improvement Co.

SIMPSON, Justice.

Mary F. Costas and A. Costas were tenants in common of the suit property, a house and lot in Cullman, Alabama. Mary F. Costas filed a bill in equity against A. Costas for a sale of the property for division, which contained the usual prayer that her solicitor be allowed a reasonable solicitor's fee from the proceeds of the sale.

The bill was later amended alleging that certain firms and individuals claimed liens for labor and materials in connection with improvements on the property, listing the names of these firms and individuals, and the amounts claimed and making them parties respondent. The bill was later amended to make the United States and the State of Alabama parties, alleging that these last two parties claimed liens for unpaid income taxes. The bill as amended also alleged that Home Improvement Co. had a conditional sales contract on certain equipment installed in the house and that there was a prior lien for taxes in favor of the City of Cullman and Cullman County, Alabama.

The United States intervened and alleged in its petition that it had a lien already assessed and final through the Internal Revenue Service and that this lien was superior to all other liens. The State of Alabama also intervened asserting its lien.

The property was sold at private sale but did not bring enough to pay all claims. After the coming in of the register's report the trial court ordered to be first paid: A solicitor's fee to the complainant's solicitor, the other court costs, the claim of Home Improvement Co., the tax liens of the City of Cullman and Cullman County, recognizing these claims as prior to all other liens.

The decree of the court further ordered that all other liens or claims, including that of the United States, be paid pro rata from the balance of the proceeds of the sale.

The United States brings the appeal. The other respondents were served with notice of the appeal through their attorneys of record but no briefs have been filed to support the action of the trial court in ordering proration. The deduction and payment from the sale price of the property of the actual court costs, the claim of Home Improvement Co., and the claims of the City of Cullman and the County of Cullman for prior tax liens is not controverted by appellant on this appeal. Appellant does, however, contest the proration of the balance of the money among the various mechanics and materialmen, the awarding of a solicitor's fee to complainant's solicitor and allowing any proration to the State of Alabama.

The contention of appellant is that since no judgments were rendered in favor of the mechanics and materialmen and because the State's income tax assessment was made final after the date of the jeopardy assessment of the United States became final, the lien of the United States is prior to these claims. We are in accord with this insistence, but think the contest of the payment of the solicitor's fee is untenable.

Appellant in brief states the two questions to be decided:

"1. Does a tax lien in favor of the United States have a priority over a materialman's or labor lien which has not been perfected to the extent of being reduced to judgment.

"2. Does the Court, in the absence of the consent of parties, have the authority to prorate the claims of lien-claimants which are mutually exclusive."

Inasmuch as the first question is answered in the affirmative, consideration of the second question will be pretermitted.

None of the mechanics' or materialmen's liens were ever reduced to judgment when the jeopardy assessment for income taxes due the United States was made. A lien for taxes due the United States is perfected on the date the taxes are assessed. Title 26, § 6321, U.S.C.; Title 26, § 6322, U.S.C.; Title 26, § 6323(a), U.S.C.; United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.

The effect of a State statutory lien in relation to a Federal tax lien is a Federal question and the determination of this relationship is controlled by the United States Code and applicable decisions of the Federal courts. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

A lien for labor or material furnished, under Alabama law, is not perfected until every requirement of the statutes creating such lien has been complied with. Title 33 § 37 et seq., Code of Alabama, 1940; Brewton et al. v. L. F. Sessions, 264 Ala. 123, 84 So.2d 763; Gray v. McKinley, 34 Ala.App. 630, 43 So.2d 421, cert. den. 253 Ala. 199, 43 So.2d 424; Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492; Taylor v. Shaw, 256 Ala. 467, 55 So.2d 502; Sorsby, et al. v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68; Emanuel et al. v. Underwood Coal & Supply Co., 244 Ala. 436, 14 So.2d 151; Snellings Lumber Co. v. Porter, 225 Ala. 164, 142 So. 560.

A materialman's or mechanic's lien created by Title 33, § 37 et seq., Code of Ala. 1940, remains inchoate and loses all force and vitality unless suit is brought and prosecuted to final judgment. Young & Co. v. Stoutz & Co., 74 Ala. 574; Eggleston v. Birmingham Purchasing Co., 5 Cir., 15 F.2d 529.

Such statutory lien created by Title 33, § 37 et seq., Code of Alabama, 1940, is inchoate and unperfected while it is contingent upon taking subsequent steps for enforcing it, and this inchoate state lien cannot take priority over the subsequent Federal tax lien. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53; United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Liverpool & London Insurance Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271; United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510; United States v. Colotta, 350 U.S. 808, 76 S.Ct. 82, 100 L.Ed. 725, reversing 224 Miss. 33, 79 So.2d 474, 86 So.2d 19; United States v. White Bear Brewing Co., 350 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871, reversing 7 Cir., 227 F.2d 359; United States v. W. H. Vorreiter, 355 U.S. 15, 78 S.Ct. 19, 2 L.Ed.2d 23, reversing 134 Colo. 543, 307 P.2d 475; United States v. Hulley, 358 U.S. 66, 79 S.Ct. 117, 3 L. Ed.2d 106, reversing Fla., 102 So.2d 599.

And of course, the State's tax assessment, having become final after that of the United States, its lien is subordinate to that of the latter.

The argument that the decree was in error in allowing a solicitor's fee for the complainant to be taxed as a part of the costs of the proceeding is clearly without merit. Appellant cites in support of its contention United States v. Liverpool & London Insurance Co., supra, construing a Texas statute which provided for the allowance of attorney's fee in certain garnishment proceedings where the United States Supreme Court disallowed such fee. The situation here is quite different. Solicitor's fees in partition proceedings in Alabama are provided for by Code of Ala. 1940, Title 46, § 63, and are taxed as a part of the cost of the proceeding, the theory being that, since the services of the solicitor are for the common benefit of all parties, the trust fund created by the sale of the property must bear this expense. Troy Bank & Trust Co. v. Brantley, 263 Ala. 428, 82 So.2d 618, and authorities therein cited.

It results from the foregoing that the decree of the lower court must be reversed, and it is here ordered that the trial court decree the United States of America to be a prior and superior lien-holder to all the parties claiming mechanics' and materialmen's liens and also prior to the tax lien of the State of Alabama and to make distribution of the remainder of the trust fund accordingly.

The decree of the lower court awarding solicitor's fee to complainant's solicitor, and the other court costs, the allowance made to Home Improvement Co. under its conditional sales contract, and the City of Cullman and County of Cullman for taxes is affirmed.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.