ON APPLICATION FOR REHEARING
BEATTY, Justice.
The original opinion in this case is withdrawn and the following opinion is substituted in its place.
Appeal by Rawls Warehouse, Inc. from a judgment which denied the establishment of a lien against the unpaid money owed by Jackson, owner of a house, to Brantley, the building contractor for Jackson. We affirm.
The case was tried below on a stipulation. Between April and December, 1978, Rawls sold and delivered, at Brantley’s request, certain building materials which were used in remodeling Jackson’s home. When Brantley did not pay Rawls for these materials, Rawls’ manager visited the Jacksons, explained the use of the materials and the fact of nonpayment, and advised the Jack-sons that Rawls was filing a lien of $13,-579.61 against what the Jacksons owed Brantley. At that time no written notice of the lien was given to the Jacksons.
The Vice President of Rawls, Ms. Beck-with, prepared the lien and mailed a copy of it to Jackson on December 1,1978, the same day it was recorded. Ms. Beckwith’s testi *153 mony on direct examination included the following exchange:
Q. Do you recall one way or the other whether you physically mailed the letter or physically filed the lien in the courthouse in Enterprise or which one you did first?
A. I believe that I brought it to the courthouse first and then went to the post office.
Q. Are you sure about that?
A. Well, under oath I don’t know, but I am reasonably sure.
Q. It could have been either way and it is just what your best memory is?
A. My best memory would have been that I made the copies and the copy was notarized, and I probably had the envelope addressed and stamped and came here and then to the post office.
Jackson testified that he received a copy of the lien in the mail on December 1, 1978, “if I recollect the date,” and that some time after he received the statement, he paid an electrician and a cabinet maker who had demanded their money for work done on the house.
Following the reception of evidence the trial court denied the lien because:
The evidence is not clear and convincing that notice to Jackson in writing of Rawls’ intent to claim a lien was made to Jackson prior to the filing of the lien in the Office of the Judge of Probate at 4:40 P.M. on December 1, 1978.
Mechanic’s and materialmen’s liens are established by Code of 1975, Title 35, Chap. 11, Art. 5, Div. 8 [§ 35-11-210]. The claim of one not the original contractor is controlled by § 35-11-218, the pertinent part of which follows:
Every person, except the original contractor, who may wish to avail himself of the provisions of this division, shall before filing his statement in the office of the judge of probate, give notice in writing to the owner or proprietor, or his agent, that he claims a lien on such building or improvement, setting forth the amount thereof, for what, and from whom it is owing; and after such notice, any unpaid balance in the hands of the owner or proprietor shall be held subject to such lien. .
A materialmen’s lien did not exist at common law. Thus its enforcement depends upon strict compliance with the enabling statutes’ substantial requirements. Gray v. McKinley, 34 Ala.App. 630, 632-3, 43 So.2d 421 (1949); see also Snellings Lumber Co. v. Porter, 225 Ala. 164, 142 So. 560 (1932); Rayborn v. Housing Authority of Washington Co., 276 Ala. 498, 164 So.2d 494 (1964), and Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826 (1927). The written notice requirement contained in these provisions is intended for the protection of the owner, Le Grand, supra, and the terms of the statute are explicit, imperative and mandatory. Gray v. McKinley, supra, 34 Ala.App. at 633, 43 So.2d 421.
The crucial question on this appeal is whether the trial court erred in finding that the evidence did not establish that Rawls gave notice to Jackson of its intention to claim a lien prior to the filing of the lien in the probate court. The testimony bearing on the question whether notice was given before the lien was filed was conflicting. On the one hand, Ms. Beckwith’s recollection that she mailed the lien after she filed it supports the trial court’s conclusion that notice by mail was not given before the statement was filed. On. the other hand, Jackson’s testimony gives rise to the inference that he received the notice of Rawls’ intention to claim a lien at 4 p. m. on December 1, 1978, which, according to the records of the Coffee County Probate Court, was some forty minutes before the lien was filed.
Our rule of review is that when the evidence is heard ore tenus by the trial court, its conclusions will not be disturbed on appeal unless they are palpably erroneous. Custred v. Jefferson County, Ala., 360 So.2d 285 (1978). The ore tenus rule is particularly applicable when, as here, the oral testimony of witnesses is contradictory and some of the testimony supports the *154 trial court’s findings. Rafield v. Johnson, 294 Ala. 235, 314 So.2d 695 (1975). Ms. Beckwith’s statements at trial that she was “reasonably sure” that she filed the lien before she mailed it and that her “best memory” was that that was the case, both support the trial court’s finding. Although Mr. Jackson’s testimony provided a basis on which the trial court could have decided that Rawls complied with the statute, that testimony was not binding on the court and does not render its conclusion clearly and palpably wrong. Accordingly, we are compelled to sustain the trial court’s decision. The judgment is affirmed.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; AFFIRMED.
FAULKNER, JONES, ALMON and EM-BRY, JJ., concur.
TORBERT, C. J., and MADDOX and SHORES, JJ., dissent.