384 So.2d 1067 (1980)
Chris C. RUSH, d/b/a Rush Building Company, Cincinnati Insurance Company and Nellie N. Rush
v.
ATOMIC ELECTRIC COMPANY, a corporation.
78-766.
Supreme Court of Alabama.
May 30, 1980.
As Corrected On Denial of Rehearing June 27, 1980.
Ralph Smith, Jr. of Starnes, Smith & Wilkes, Guntersville, Starnes & Starnes, Birmingham, for appellants.
H. Darden Williams for Williams, Williams & Norton, Anniston, for appellee.
SHORES, Justice.
This is a breach of contract case. Appellant Chris Rush, d/b/a Rush Building Company, entered into a contract with the Hospital Building Authority of the City of Jacksonville to construct a hospital. The electrical work was subcontracted to Atomic Electric Company, hereinafter referred to as Atomic, a corporation which had done *1068 other work for Rush in the past. Although the work was completed and accepted by the general contractor at final inspection, Atomic was never paid the full contract price. It brought this action against the Hospital Building Authority, the City of Jacksonville, Chris C. Rush, d/b/a Rush Building Company, and Rush Building Company, seeking to enforce a lien on the hospital and claiming damages in the amount of $87,572.20 under the electrical subcontract. Rush's bonding company, Cincinnati Insurance Company was later added as a defendant. Rush counterclaimed for $20,000.00, alleging that mismanagement on the part of Atomic had resulted in a four-month delay in completion, and that it was damaged thereby. Cincinnati Insurance Company cross-claimed against Rush under a blanket indemnity agreement, and filed a third-party complaint against Nellie Rush as a party to the indemnity agreement. After a trial without a jury, the trial court entered a judgment against Chris C. Rush, d/b/a Rush Building Company, and Cincinnati in favor of Atomic in the amount of $89,928.07, and in favor of Cincinnati Insurance Company against Chris and Nellie Rush in the same amount. The Rushes appeal.
Appellants raise but two issues on this appeal. They contend firstly that the judgment of the trial court was contrary to the great weight of the evidence. However, no ground for reversal is more carefully scrutinized or rigidly limited than one charging that the verdict is against the great weight of the evidence. Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972). Where, as here, the trial court has heard testimony ore tenus, a presumption exists as to the correctness of its findings of fact. St. Clair Industries, Inc. v. Harmon's Pipe & Fitting Co., 282 Ala. 466, 213 So.2d 201 (1968). The record reveals that the trial court's judgment was amply supported by the evidence; we, therefore, decline to disturb it.
Appellants also contend that the contract which is the basis of this lawsuit was signed by Tony Panella and Charles E. Rush in their individual capacities, and does not bind either corporation, Atomic or Rush Building Company. Because neither individual was made a party to the suit, they insist that there exists a fatal variance between the parties and the proof. We are hard put to follow this reasoning. Even if neither corporation was bound by the signature of its agent, which we do not believe to be true, appellant Chris Rush operated under the contract without objection until the work contracted for was performed, accepted the benefits of it, and, in fact, has counterclaimed against Atomic for breach of the very contract he claims not to be bound by. A party, by his actions and acceptance of the benefits of a contract and by operating under such agreement, may ratify and confirm a contract to which his actual signature is not affixed. Woodmen of the World Life Insurance Society v. Bolin, 243 Ala. 426, 10 So.2d 296 (1942). The verdict of the trial court assumes, by necessity, that Chris Rush and Atomic Electric Company were parties to the contract and are thus proper parties to the lawsuit. No evidence or logic has been pointed to which would require us to disturb this ruling. The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.

On Application for Rehearing
SHORES, Justice.
OPINION CORRECTED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.