' HOLMES, Judge.
Laile sued Humphreys. The case was tried on the theory that Humphreys breached a contract with Laile. The trial court after an ore tenus hearing found for Laile and awarded damages in the amount of $2,384.45. Humphreys appeals and Laile cross-appeals. We affirm.
The dispositive issue on appeal is whether there is evidence to support the trial court’s finding of a contract between Laile and Humphreys.
The dispositive issue on cross-appeal is whether there is evidence to support the trial court’s finding that Laile and Hum-phreys terminated the contract by mutual assent.
The record reveals the following facts:
Laile was employed by a company engaged in the business of selling steel products. Laile was sales manager and had experience selling steel sheeting.
Humphreys, a businessman, purchased 226,323 pounds of steel sheeting on March 28, 1979. Humphreys on that date paid $5,000 towards the purchase price of the steel.
On March 30, 1979, Humphreys and Laile executed the following:
This is a joint venture agreement made between Malcolm Humphries and Thomas R. Laile to sell 226,323 # of gold & green sheets. Material purchased by Malcolm Humphries from O.S.I. on 28 Mar. 79. Profit after cost from O.S.I., Inc and any sales cost (i. e. telephone, travel, entertainment, motel; etc.) as verified & agreed upon by both parties. This is a one time agreement the split of profit will be Malcolm Humphries 55% Thomas R. Laile 45%. All freight will be extra on sale and at Malcolm Humphries’ quoted rate.
Laile quit his job on March 30 and began efforts to sell the steel on April 2, 1979.
It is undisputed that Humphreys and Laile agreed that Laile would receive 45% of all the profits from the sale of the steel regardless of who made the sale. Hum-phreys, however, testified that this agree *705 ment was conditioned upon Laile paying him $2,500, one-half of the $5,000 down payment. Laile never paid $2,500 and testified to the effect that such a payment was not a part of the contract.
In addition, there was testimony to the effect that Humphreys was to provide the financial backing for the undertaking and that Laile’s contribution was to be his services as an experienced steel products salesman. There is also evidence that Hum-phreys signed the writing set forth above without requiring that Laile make any payment.
The record further discloses that Hum-phreys, without the aid of Laile, made two sales, one on April 9,1979, and the other on April 13, 1979. A net profit of $5,368.80 was realized from these sales.
Laile, upon hearing of these sales, contacted Humphreys and requested payment of 45% of the profits from the sales. Hum-phreys refused to make payment.
The record discloses that Humphreys consistently refused to pay Laile any portion of the profits from the April 9 and April 13 sales. The record also discloses that Hum-phreys told Laile that he would pay Laile a commission on any sale made by Laile. Laile, with the knowledge of this state of affairs, continued to seek buyers and submit orders to Humphreys. Laile made no sales.
The trial court found that Laile and Humphreys had entered into a joint venture contract; that the contract did not require Laile to pay Humphreys $2,500; that Hum-phreys breached the contract by refusing to pay Laile 45% of the profits from the April 9 and April 13 sales; and that Humphreys and Laile terminated the contract by mutual assent when Laile continued to seek buyers after Humphreys refused to pay a 45% share of the profits and offered instead to pay Laile a commission.
At the outset, the rule governing our review of the issues presented on both the appeal and cross-appeal is that whenever the trial court hears the evidence ore tenus, its judgment is presumed correct and will not be disturbed on appeal unless plainly and palpably wrong. Rush v. Atomic Electric Co., Ala., 384 So.2d 1067 (1980); 2A Ala. Digest, Appeal & Error Key 931(1).
As stated above, the dispositive issue on appeal is whether there is evidence to support the trial court’s finding of a joint venture contract and a breach of that contract.
It is undisputed that Laile and Hum-phreys agreed that Laile would receive 45% of all the profits. This agreement is reflected in the document set out above. It is also undisputed that Humphreys never paid Laile. The only disputed question of fact before the trial court regarding the agreement itself was whether Humphreys’ obligation to share the profits with Laile was conditioned upon Laile’s payment of $2,500.
There is evidence to support the trial court’s finding that a payment of $2,500 was not required. Specifically, the written agreement signed by the parties makes no mention of it. Humphreys signed the agreement without requiring any payment by Laile. There was testimony to the effect that Humphreys was to provide the financial backing and that Laile was to do the selling.
In view of this evidence, we cannot say that the trial court was plainly and palpably wrong in finding that a $2,500 payment by Laile was not required.
The above being dispositive, we find it unnecessary to address the other issues raised by Humphreys on appeal.
With respect to Laile’s cross-appeal, the dispositive issue is whether there is evidence to support the trial court’s finding that. Humphreys and Laile terminated the contract by mutual assent.
A contract will be treated as abandoned or rescinded where the acts and conduct of one party inconsistent with its existence are acquiesced in by the other party. San-Ann Service, Inc. v. Bedingfield, 293 Ala. 469, 305 So.2d 374 (1974).
In the instant case there is evidence showing that Humphreys refused to pay *706 Laile any portion of the profits from the April 9 and April 13 sales; that Humphreys told Laile that he would only be paid a commission on his sales; and that Laile with knowledge of Humphreys’ position continued to seek buyers and submit orders to Humphreys. From this the trial court could find, and apparently did find, that Humphreys’ conduct was inconsistent with the existence of the contract and that Laile acquiesced in that conduct.
We cannot say that the trial court was plainly and palpably wrong in finding that the contract had been terminated.
Laile, through counsel, contends that he is entitled to damages greater than those awarded by the trial court. In light of the trial court’s finding that the contract was terminated, we cannot agree. Laile’s right to share in the profits ended when the contract was terminated. He has no rights in any profits earned after the termination.
Finally, Laile raises an issue regarding payment of costs of reproduction of the transcript below. In this case the appellant ordered a transcript of less than the entire record. Under these circumstances, Rule 10(b)(2) of the Alabama Rules of Appellate Procedure requires the appellant to serve the appellee with a statement of the issues on appeal. Appellant failed to do so.
Appellee then cross-appealed and requested that certain additional portions of the proceedings below be included in the transcript. Appellee did not state the issues to be presented on cross-appeal. Appellant refused to order the additional portions. The additional portions were included, however, and appellee was billed for them.
Appellee applied to the trial court for an order directing payment for the transcript, pursuant to Rule 10(b)(2), ARAP. The trial court then ordered the parties to file a designation of the issues to be presented on appeal and cross-appeal, which they did. However, the record before this court does not reflect any ruling by the trial court on which party shall bear the costs of the transcript. As a consequence, the parties have failed to preserve this issue for review. Biddy v. Biddy, 284 Ala. 68, 222 So.2d 162 (1969).
In view of the appeal and cross-appeal, and pursuant to Rule 35(a), ARAP, the costs of this appeal shall be taxed equally to the appellant and the cross-appellant.
This cause is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.