HOLMES, Judge.
This is a contract case.
Cary Dozier sued Edward Sanders on a promissory note. Sanders counterclaimed, alleging fraud. The trial court, after an ore tenus hearing, found in favor of Dozier on both the complaint and counterclaim and entered a judgment in the amount of $5,115. Sanders appeals and we affirm.
The dispositive issue is whether there is evidence to support the judgment of the trial court.
The record reveals the following facts:
Dozier was the owner of a restaurant. In 1977, Sanders purchased the business. The sale included the restaurant’s inventory and various items of equipment and furnishings. In return for the business Sanders gave Dozier a promissory note in the amount of $3,836.52 and agreed to assume the payment of two debts.
Sanders has not made any payment on the promissory note.
In his pleadings and at trial Sanders set up the defenses of fraud and mutual mistake. He also counterclaimed for fraud, alleging that Dozier misrepresented his ownership of the restaurant’s equipment and furnishings and that he falsely represented that all bills were paid and that there were no other debts or claims against the business.
As indicated above, the trial court found no fraud or mutual mistake that would justify a rescission of the contract and note, nor did the trial court find actionable fraud.
Whenever the trial court hears the evidence ore tenus, its judgment is presumed correct and will not be disturbed on appeal unless plainly wrong. Rush v. Atomic Electric Co., Ala., 384 So.2d 1067 (1980); 2A Ala.Digest, Appeal & Error Key 931(1).
In the instant case the record discloses that Dozier did not own all of the restaurant’s equipment and furnishings. Dozier owned some items, while a third party owned the others. The testimony is in conflict as to whether Dozier informed Sanders of this fact prior to the sale. It is not necessary to set out all of this testimo *161 ny in detail. It is sufficient for purposes of this appeal to state that there is testimony to the effect that, prior to the sale, Dozier led Sanders around the restaurant and identified the equipment and furnishings owned by Dozier and those items owned by the third party.
From the above testimony, the trial court could conclude, and apparently did conclude, that the parties were aware of what was being sold; that there was no mutual mistake; and that there was no misrepresentation in this regard.
With respect to the question of misrepresentation of business debts, it is clear from the record that all debts were not paid on the date of the sale. There is testimony to the effect that Dozier informed Sanders of the unpaid bills and that the parties had agreed upon a method of settling some of the debts that came due after the sale. Again, the trial court could reasonably conclude that no fraud had occurred.
In view of the above, we cannot say that the trial court was plainly and palpably wrong in finding for Dozier on the complaint and counterclaim.
Put another way, the evidence was in conflict. The trial court resolved that conflict and this court cannot substitute its judgment for that resolution. See, Rawls Warehouse, Inc. v. Jackson, Ala., 383 So.2d 152 (1980); Vance v. Alliance Community Center, Ala., 374 So.2d 312 (1979).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.