[Scruggs & Echols v. City of Decatur.]

# Scruggs & Echols *v.* City of Decatur.

*Bill to Enforce Mechanic's Lien Against City Property.*

(Decided April 9, 1908. Rehearing denied June 18, 1908.
46 South. 989.)

*Mechanic's Lien; Municipal Building; Enforcement.*—A building constructed for and under the authority of the city, to be used for public school purposes by the city cannot be subjected to a lien for material or work done thereon. Section 2040, Code 1896, exempts such a building, and it exempts as well the fund set apart by the city for the construction of a school building to be used for public school purposes by the city, so that a lien cannot be enforced as to such fund.

APPEAL from Morgan Chancery Court.

Heard before Hon. MARVIN WEST, Special Chancellor.

Bill by Scruggs & Echols against the mayor and council of the city of Decatur to enforce a mechanic's lien upon a public school and upon a fund set apart by the city for the purposes of constructing such building. From a decree dismissing the bill complainants appeal Affirmed.

E. W. GODBEY, for appellant. Public policy favors the enforcement of debts and the sustaining of credit, public as well as private.—*Wood v. Holly Mfg. Co.* 100 Ala. 236. The lien is enforceable upon school property. —*Shattell v. Woodward*, 17 Ind. 225; *Badger Lbr. Co. v. Marion*, 30 Am. St. Rep. 307; *McKnight v. Parrish*, 31 Am. Rep. 227; *Wilson v. School District*, 17 Kan. 104; *Jewell County v. Snodgrass*, 34 Pac. 741; *Noonan v. Hastings*, 101 Ky. 312. The provisions in the original contract for the benefit of all who might contribute labor or material constituted a sufficient basis for the establishment of an equitable lien.—*Society of Shakers v. Watson*, 15 C. C. A. 640-41; *Roe v. Scanlan*, 32 S. W.

[Scruggs & Echols v. City of Decatur.]

217; *Ausbeck v. Schardien,* 45 A. W. 508; *Luthy v. Woods,* 6 Mo. App. 67; *Traders Bank v. N. Y. City,* 97 N. Y. 355; *Nash v. Commonwealth et al,* 54 N. E. 866; *Powell v. Jones,* 72 Ala. 399; *Howison v. Baird,* 40 Sou. Rep. 95; 138 Ala. 129; Jones on Liens, Sec. 27; *Fallon v. Worthington,* 6 L. R. A. 711; *Donald v. Hewitt,* 33 Ala. 548; *Riggs Fire Ins. Co. v. Shed,* 16 App. D. C. 150; *Knapp v. Swaney,* 56 Amer. Rep. 400-1; *Simmons Bros. Mfg. Co. v. Citizens State Bank of Goldfield,* 74 N. W. 906; *Walsh v. McMenomy,* 16 Pac. 18; 74 Cal. 358. As material men to the sub-contractor, appellants were within the express terms of the statute.—Code 2723; *Barlow v. Gaffney,* 55 Atl. Rep. 584.

CALLAHAN & HARRIS, for appellee. "All property, real or personal, belonging to the several counties or municipal corporations of this State, and used for county or municipal purposes, shall be exempt from levy and sale under and process, judgment, or decree whatsoever." (Code 2040.) "The mechanic's lien law is framed with reference to such property as is subject to be sold under execution. The method which is provided for the enforcement of the lien it gives is by sale upon execution of the property to which the lien attaches for its satisfaction. As to the property which is exempted by law from sale on execution, the lien law is incapable of enforcement; and its provision as respects such are nugatory, and are entirely inapplicable."—*Loring v. Shall,* 32 Am. Rep. 137. Mechanic's lien laws do not apply to public buildings unless they are by the express terms of the statute included in its provision.—*Pittsburg Laboratory v. Milwaukee etc.* 84 Am. St. Rep. 948, and authorities cited; *Nunnally v. Dorand,* 110 Ala. 542; *1st Nat. Bank of Idaho v. County of Malhern,* 35 L. R. A. 141 (note); *Mayrhofer*

*v. Board of Education,* 23 Am. St. Rep. 451; *Charmock v. District Township of Colfax,* 33 Am. Rep. 116; note to *Lacrosse v. Vanderpool,* 78 Am. Dec. 696; *State of Missouri v. Tiederman,* 10 Fed. 20; Dill on Municipal corporations, 557; *Phillips v. Rectors & Visitors of University of Va.,* 47 L. R. A. 284; *McNeal v. Pipe & Foundry Co. v. Bullock* et al. 38 Fed. 565.

ANDERSON, J.—Section 2040 of the Civil Code of 1896 says: "All property, real and personal, belonging to the several counties or municipal corporations in this state, and used for county or municipal purposes, shall be exempt from levy and sale under any process, judgment, or decree whatsoever." There is nothing in the mechanic's lien law (chapter 71, art. 1) making any innovation as to the foregoing section, so as to permit the enforcement of a mechanic's lien upon property therein exempted.

The bill shows that the building in question was constructed for and under the authority of the city, to be used for public school purposes. Therefore there could be no lien enforced upon same.—*Loring v. Small,* 50 Iowa, 271, 32 Am. Rep. 137; *Pittsburg v. Milwaukee,* 110 Wis. 633, 86 N. W. 592, 84 Am. St. Rep. 948, and cases there cited. And it would seem that such a lien, in the absence of an express statutory provision authorizing it, cannot be enforced upon property used for municipal purposes, independent of section 2040.—*McNeal Pipe co. v. Bullock,* (C. C.) 38 Fed. 565; *Mayor of Birmingham v. Rumsey Co.* 63 Ala. 352. Said last case was decided prior to the enactment of section 2040 of the Civil Code of 1896.

The bill also avers that the balance upon which a lien is sought is part of a fund set apart by the city to be applied to the construction of a public school build-

[Cartright, et al. v. West.]

ing, and, as said fund was used for municipal purposes, it, too, is immune from the levy or enforcement of any execution or lien.—*Ellis v. Pratt City*, 111 Ala. 629, 20 South. 649, 33 L. R. A. 264, 56 Am. St. Rep. 76; *Equitable Co. v. Town of Edwardsville*, 143 Ala. 182, 38 South. 1016, 111 Am. St. Rep. 34; *Porter Co. v. Perdue*, 105 Ala. 297, 16 South. 713, 53 Am. St. Rep. 124.

The decree of the chancery court, dismissing the bill of complaint for want of equity, is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.

