145 So. 491

## MARTIN et al. v. HOLTVILLE HIGH SCHOOL BLDG. et al.

### 5 Div. 87.

Supreme Court of Alabama.

Jan. 12, 1933.

Huddleston & Glover, of Wetumpka, for appellants.

Holley, Milner & Holley, of Wetumpka, for appellees.

BROWN, J.

The county board of education of Elmore county let a contract to H. E. Hornsby to construct a school building known as the Holtville High School building. The complainants, appellants here, furnished to Hornsby building materials and supplies which he in-

corporated in said building, and for which he still owes complainants the sum of $1,719.-48, which was due and unpaid ·at the time the original bill was filed.

After filing a statement claiming a lien on the building and the parcel of land upon which it was situated to the extent of one acre in area, under the provisions of section 8832 of the Code, designating the state, the state board of education of Elmore county, or the county board of education of Elmore county as the owner, complainants, asserting that they had a lien under the statute, filed 'the original bill against the state board of education, the county board of education of Elmore county, and the said building and one acre of land as described in its claim of lien, praying for a sale of said property in satisfaction of the indebtedness due from said Hornsby.

Demurrers filed by the state board of education and the county board of education of Elmore county were sustained to the bill, and complainants amended the bill, by making Hornsby a party defendant, and by alleging that Hornsby had contracted to construct the building for the sum of $19,618.10, which had been paid in part, and that, under the terms of the contract between Hornsby and the county board of education, the final payment was not to be paid until the school building was accepted by the state board of education and a certificate made by the county board of education; that all debts for materials and supplies used in the erection of said school building had been paid; that, since filing the original bill, said school building had been "accepted by the State Board of Education and that the State Board of Education had issued to the County Board of Education of Elmore County, Alabama, a warrant in the sum of $4,000.00, being full payment of any and all sums retained by the State Board of Education on the contract price as aforesaid; that said sum of $4,000.00 was not paid by the State Board of Education until the Chairman of the State Board of Education of Elmore County, Alabama, had certified to the State Board of Education that all .claims for material and supplies used in the erection of said school building had been satisfied, and said certificate was issued by the Chairman of said County Board prior to the filing of complainants' original bill in this cause; that at the time the Chairman of the Board of Education of Elmore County, Alabama, certified to the State Board of Education he knew that the said Hornsby was indebted to complainants for building materials and supplies used in the erection of said school building in the sum of $1,719.48, which was due and payable as of October 14, 1929, and further knew that complainants' said debt against said Hornsby had not been paid or satisfied"; that the said $4,000 warrant was delivered to the county board of· educa-

tion for the purpose of being paid over to Hornsby under his contract for the erection of said building.

The bill as amended prays, specially, that the said warrant or the proceeds thereof be impressed with a lien, to the extent of complainants' claim, and for general relief.

It is well settled that public buildings and the lands upon which they are situated, the title to which is in the state or its governmental agencies, and dedicated to public and governmental purposes, are not subject to sale under the provisions of section 8832 et seq. of the Code, at the suit of mechanics or materialmen for work and material furnished in the construction of such buildings by the state or its governmental agencies; nor can the interest or title of such governmental agencies in public funds set apart for such public purpose be subjected to such liens, unless expressly authorized by statute. Scruggs & Echols v. City of Decatur, 155 Ala. 616, 46 So. 989; Russell & Johnson v. Town of Oneonta, 199 Ala. 64, 73 So. 986; J. E. Moss Iron Works v. Jackson County Court et al., 89 W. Va. 367, 109 S. E. 343, 26 A. L. R. 319,·and note pages 326, 348.

The demurrer to the original bill was therefore sustained without error.

The statute, however, gives to the employees of a contractor or persons furnishing material to him a lien to the extent of any unpaid balance due the contractor by the owner. Code 1923, § 8832. And the lien on such unpaid.balance may be enforced by a court of equity. Code 1923, §§ 8842, 8935; Nunnally v. Dorand et al., 110 Ala. 539, 18 So. 5; McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3.

The demurrer, which was sustained to the bill as amended, takes the point, among others, that it does not aver that the materialmen—the complainants—gave notice in writing to the owner or proprietor or his agent, that they claimed a lien on such building or improvement, etc., as required by section 8840 of the Code. It has been held here that this section does not create the lien, and that the purpose of the notice is to enable the owner to protect his interest, and is for his benefit. Le Grand v. Hubbard et al., 216 Ala. 164, 112 So. 826.

While it must be conceded, as a general proposition, that strict compliance with the statute in every respect is essential to the rights which it gives, yet it is also well settled that the law never requires the doing of a useless act, and it cannot be assumed that the Legislature so intended in the enactment of this section as a part of the law.

As we have shown, the lien provided by the statute cannot attach to the building or the land, or any interest of the state or its public agencies in the fund set apart, for the spe-

cific purpose, but only attaches to the interest of the contractor in the balance due under the contract, which the bill shows is now ready for delivery to him. Therefore the notice required by section 8840 of the Code could serve no purpose, and to give it would be a wholly useless performance.

■ Nor was the bill as amended subject to the objection that the amendment worked an entire change of the cause of action.

The court erred in sustaining the demurrers to the bill as amended, and for this error the decree must be reversed.

■ The conclusion renders it unnecessary to construe the provisions of sections 383, 384 of the School Code 1927, further than to say that we are clearly of opinion that the subjection of the interest of the contractor Hornsby in the balance due under his contract in no way impinges the trust thereby created.

Whether or not the state board of education can be sued is a question not presented by the demurrers to the bill (see State Docks Commission v. Barnes (Ala. Sup.) 143 So. 581[1]), but it has been held that a county board is suable (Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163; Id., second appeal, 221 Ala. 483, 129 So. 42).

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

