GENNARO BONELLI *v.* MARTIN J. MOSTYN ET AL.

SUPERIOR COURT HARTFORD COUNTY FILE NO. 110768

Memorandum filed October 25, 1957.

*Elihu H. Berman,* assistant corporation counsel, of Hartford, for the defendants.

*Nicholas A. Lenge,* of Hartford, for the plaintiff.

SHAPIRO, J. The following facts in this case are not in dispute. On June 10, 1957, the plaintiff brought an action of summary process in the City Court of Hartford against one Edward A. Syphers for immediate possession of the first floor premises at 145 Preston Street in Hartford, Connecticut. On June 27, 1957, the plaintiff and the said Syphers, acting by their respective attorneys, entered into a stipulation, the pertinent part of which provided: "Subject to approval of the Court, the parties (Gennaro Bonelli and Edward A. Syphers) . . . hereby stipulate as follows: 1. That judgment for possession may be entered for the Plaintiff. 2. The Plaintiff waives until September 23, 1957, his right to apply for and obtain execution of said judgment. 3. The Defendant shall be entitled to remain in the premises until September 21, 1957 and waives whatever rights he may have to appeal or apply for a Stay of Execution."

On July 12, 1957, the defendant, Martin J. Mostyn, a judge of said City Court, in accordance with said stipulation, entered judgment for the plaintiff Bonelli. On October 7, 1957, the said Syphers filed with said City Court a motion for a further stay of execution. On October 11, 1957, the plaintiff Bonelli

requested of the defendant Anthony M. Tapogna, as clerk of said court, that he issue execution on said judgment, which he refused to do. On October 11, 1957, after hearing argument on said motion to stay, the defendant Mostyn did not rule on the same but instead "took the papers." On October 14, 1957, the plaintiff again requested of the defendant Tapogna that he issue execution and again he refused on the claim that he could not act until the City Court judge had decided the motion to stay the execution.

Our statutes make specific provision for stays of execution in regard to summary process. Section 4 of Public Act No. 291, 1957, allows for a stay of execution for forty-eight hours to permit a party to procure a writ of error. Sections 3222d and 3223d of the 1955 Cumulative Supplement allow for a stay of execution for twenty days in order that a defendant may make an appropriate application to the Court of Common Pleas, that court being authorized to grant such stays. Section 3223d provides also that such an application for a stay may be filed with the clerk of the court in which the judgment was rendered but addressed to the Court of Common Pleas. Sections 3224d and 3226d (as amended, Public Acts 1957, No. 291, § 5) then provide that the Court of Common Pleas or a judge thereof may hold a hearing on the application and may grant a stay of execution.

Since judgment was rendered by the City Court on July 12, 1957, no stay of execution was sought within the next forty-eight hours or twenty days as provided in the aforementioned statutes. Instead, Syphers waited until October 7, 1957. In that respect, he waived any rights that he may have had under the statutes. Obviously, he chose to enter into the earlier mentioned stipulation for the purpose of obtaining an extension of time following the date of judgment. Coming into the City Court as he now

has done, what authority does the defendant Mostyn have, as judge of the City Court, to even entertain or hold for his consideration the sought-after stay of execution or by what authority may the defendant Tapogna, as clerk of that court, refuse to issue an execution?

Section 2 of Public Act No. 291, 1957, provides that when judgment in a summary process shall be rendered for the complainant that he recover possession of the premises then execution shall issue accordingly and no appeal shall be allowed from any such judgment. Section 7718 of the General Statutes provides that clerks of courts shall issue executions on judgments and perform all other duties imposed on them by law.

A litigant who has procured a judgment or decree is entitled to have the same enforced, and the court may not rightly refuse proper writs or orders to secure such result. Its duty in the matter is generally of a ministerial character involving no exercise of judgment or discretion and, as such, may be enforced by mandamus. 35 Am. Jur. 49, § 289; *Alcorn* v. *Fellows,* 102 Conn. 22, 33. Summary process is a purely statutory proceeding, and the statutes relating to this process do not provide for a stay of execution except under the conditions mentioned earlier. These conditions are not existent here, and for the City Court to even entertain the motion to stay and for the clerk to refuse to issue the execution on the court's judgment of July 12, 1957, is to exercise a nonexisting power. Such refusal flies in the face of clearly defined law. Even if Syphers had acted within the time prescribed by statute, his claim to a stay of execution would have to be determined by the Court of Common Pleas or a judge thereof. The City Court has no power to stay an execution except for the forty-eight hours or the twenty-day period as herein recited. Except

for that, the power to stay rests exclusively with the Court of Common Pleas or a judge thereof.

The defendant Mostyn, as judge of the City Court of Hartford, does not have the power to delay the issuance of an execution by even entertaining the motion to stay. The defendant Tapogna is required to perform his duty imposed by law and issue the execution. The plaintiff's right under these statutes is not qualified, but absolute. The duty imposed by statute involves no discretion, but calls for a purely ministerial and definite act and is therefore properly subject to mandamus.

Although no return to the herein writ was made by the defendants, they appeared in court and argued the matter, leaving it to the court to determine the issue entirely on the question of law involved here.

Accordingly, a writ of mandamus may issue requiring the defendant Anthony M. Tapogna, as clerk of the City and Police Court of Hartford, to issue forthwith an execution in accordance with the judgment of said court.