164 So.2d 494

**W. J. RAYBORN**

v.

**HOUSING AUTHORITY OF WASHINGTON COUNTY et al.**

1 Div. 115.

Supreme Court of Alabama.

March 5, 1964.

Rehearing Denied May 28, 1964.

Edw. P. Turner, Jr., and Dennis Porter, Chatom, for appellees.

Grady W. Hurst, Jr., Chatom, for appellant.

PER CURIAM.

Appellant-complainant is aggrieved over the decrees of the trial court of Washington County in sustaining respondents' demurrers to his substituted bill of complaint for enforcement of an alleged mechanic's lien and in dismissing the complaint after his failure to amend within the time required by law. He appeals here to review these decrees.

The controversy, as shown by the pleadings, arose out of complainant's failure to receive pay in full for his labor and the use of his heavy equipment in clearing, grubbing, leveling and grading some land preparatory to the erection thereon of a public housing project which respondent Housing Authority of Washington County contracted with respondent Scott Brothers Construction Company to build on the graded land. The prime contractor, Scott Brothers Construction Company, one of the appellees here, subcontracted the leveling and grading to one Joe Lambert, also a respondent, who in turn employed complainant to do some of the work for which he alleges he has not been paid in full.

As we read the briefs of all parties here before us on this appeal, it is without dispute that the Housing Authority, which sponsored and owns the housing project, is an administrative agency of Washington County, and its property for certain purposes is that of a municipal (county) corporation. Section 31 et seq., Title 25, Recompiled Code of Alabama, 1958. Also, there is no contention that said project is not entitled to the protection provided by § 51, Tit. 25, Code of Alabama, 1940, wherein it is provided that all property of the authority shall be exempt from levy and sale by virtue of an execution, or other process, to the same extent as now enjoyed by the properties of towns, cities and counties of Alabama; also, that no judgment against the authority shall be a charge or lien upon its property, real or personal.

We think that the efforts of the complainant in this cause to fasten a mechanic's lien, pursuant to Title 33, § 37, Code of Alabama, 1940, on the real property of respondent-Authority, described in the complaint, are futile for the reason that it is public property. We said in Martin v. Holtville High School Bldg., 226 Ala. 45, 145 So. 491, as follows:

"It is well settled that public buildings and the lands upon which they are situated, the title to which is in the state or its governmental agencies, and dedicated to public and governmental purposes, are not subject to sale under the provisions of section 8832 [Tit. 33, § 37] et seq. of the Code, at the suit of mechanics or materialmen for work and material furnished in the construction of such buildings by the state or its governmental agencies; nor can the interest or title of such governmental agencies in public funds set apart for such public purpose be subjected to such liens, unless expressly authorized by statute. Scruggs & Echols v. City of Decatur, 155 Ala. 616, 46 So. 989; Russell & Johnson v. Town of Oneonta, 199 Ala. 64, 73 So. 986; J. E. Moss Iron Works v. Jackson County Court et al., 89 W.Va. 367, 109 S.E. 343, 26 A.L.R. 319, and note pages 326, 348."

It appears from the complaint that on November 27, 1961, complainant, in compliance with § 42, Title 33, Code of Alabama, 1940, filed in the office of the Probate Judge of Washington County a verified and written statement of his claim substantially in the form and manner required by § 41, Title 33, Code of Alabama, 1940.

As to whether the statement was filed within the time required by law depends on the character of claimant's employment by Joe Lambert, the subcontractor. We pretermit committing ourselves on the character of the employment, because such designation is not necessary in view of our holding herein with respect to the failure of the complaint to allege notice of the claim to the Housing Authority in the manner required under appropriate statutes.

It does not appear from the allegations of the substituted complaint in the record before us that complainant, before filing his statement in the office of the judge of probate, gave written notice to the Housing Authority, the owner of the project, that he claimed a lien on such buildings or improvements of said Authority, setting forth the amount thereof, for what and from whom it was owing, so that thereafter any unpaid balance in the hands of such owner, belonging to the prime contractor pursuant to his contract, "shall be held subject to such lien" of the complainant. Martin v. Holtville High School Building, 226 Ala. 45, 145 So. 491(3), supra; Crane Co. v. Sheraton Apartments, Inc., 257 Ala. 332, 58 So.2d 614, at page 617, wherein it was held that *laborers,* under a contract with the subcontractor, are intended to be given a lien on the building and land and on the *unpaid balance due the original contractor by the owner* at the time the lien is claimed and notice given under § 46, Title 33, Code of Alabama, 1940, provided such lien shall not exceed the amount of the balance then unpaid. Section 46, Title 33, Code of Alabama, 1940.

Restated in part, with approval, in the case of Gray v. McKinley, 34 Ala.App. 630, 43 So.2d 421(4), cert. den. 253 Ala. 199, 43 So.2d 424, we quote from the language of Justice Bouldin in the case of Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826, 828 (3, 4), as follows:

"The provision of section 8832 (Title 33, § 37, Code 1940), limiting liens of this class to the unpaid balance due or to become due the contractor, and of section 8840 (Title 33, § 46, Code 1940), requiring notice in writing to the owner, 'setting forth the amount thereof, for what, and from whom it is owing,' are for the protection of the owner. After such notice any unpaid balance 'shall be held subject to such lien,' the lien declared in former sections. Until notice given, the lien remains inchoate or potential as a lien on specific property, as all liens declared remain inchoate until the required statement is filed in the office of the Judge of Probate.

" 'Unless such statement is so filed the lien shall be lost.' Code, § 8836 (Title 33, § 42, Code 1940).

" 'All liens arising under this article, except in favor of the original contractor, shall stand on an equal footing, and be first paid out of the proceeds of the sale of the property, or money collected from the owner or proprietor; and if such proceeds and money are insufficient to satisfy such liens in full, the same shall be distributed pro rata among the holders thereof.' Section 8854, Code 1923 (Title 33, § 58, Code 1940).

"This section clearly negatives any idea that liens date from the giving of notice to the owner as between the lienholders. It will be readily seen this section cannot have effect if garnishment liens may intervene between the claimants under this section. Laborers, for example, cannot give notice until work is done and wages accrued."

In support of his contention that statutory notice to the Housing Authority, owner of the project, in compliance with § 46, Title 33, Code of 1940, supra, was not necessary, appellant cites the case of Martin v. Holtville High School Building, supra, wherein it was held that notice under the circumstances of that case was not necessary.

It appears from that case that complainant furnished to one Hornsby, the prime contractor, materials and supplies which were incorporated in the building and for which the contractor did not pay the complainant.

The owner, the County Board of Education, certified to the State Board of Education that all debts for materials and supplies had been paid. After the filing of the original bill, the building was accepted by the County Board, a warrant in the sum of

$4,000.00 as full payment was issued by the State Board to the County Board. This sum had been withheld pending receipt of the certificate of full payment.

It further appears that at the time of the certification to the State Board, the Chairman of the County Board *knew that Hornsby was indebted to complainant for materials and supplies used in the building and also knew that the debt therefor was due and unpaid.*

Also, it is stated that "the said $4,000 warrant was delivered to the county board of education for the purpose of being paid over to Hornsby under his contract for the erection of said building."

Complainant, before suit, duly filed his statement claiming a lien on the building and parcel of land pursuant to the provisions of § 8832, Code of 1923 (§ 37, Title 33, Code of Alabama, 1940).

We quote from the opinion in the Holtville case, supra, as follows:

"The demurrer, which was sustained to the bill as amended, takes the point, among others, that it does not aver that the materialmen—the complainants— gave notice in writing to the owner or proprietor or his agent, that they claimed a lien on such building or improvement, etc., as required by section 8840 of the Code. It has been held here that this section does not create the lien, and that the purpose of the notice is to enable the owner to protect his interest, and is for his benefit. Le Grand v. Hubbard et al., 216 Ala. 164, 112 So. 826.

"While it must be conceded, as a general proposition, that strict compliance with the statute in every respect is essential to the rights which it gives, yet it is also well settled that the law never requires the doing of a useless act, and it cannot be assumed that the Legislature so intended in the enactment of this section as a part of the law.

"As we have shown, the lien provided by the statute cannot attach to the building or the land, or any interest of the state or its public agencies in the fund set apart, for the specific purpose, but only attaches to the interest of the contractor in the balance due under the contract, which the bill shows is now ready for delivery to him. Therefore the notice required by section 8840 [Title 33, § 46, Code of 1940] of the Code could serve no purpose, and to give it would be a wholly useless performance."

Responding to the observations in the aforequoted paragraphs, we illustrate as follows: A, the owner of a project that is exempt from a mechanic's lien, as in the case at bar, having in his hands a balance due the contractor, is served with a garnishment at the instance of creditor B, who seeks to collect a debt owing to him by the contractor that bears no relation to the project. C, for labor or materials supplied the contractor for the project, files in the probate office a statement of his claim and thereby obtains a mechanic's lien that is superior to the garnishment lien on the balance A is due the contractor. A should be entitled to notice of C's claim so that he can protect himself against the subordinate lien of B. The statute imposes on C the duty to give A notice of his claim. For priority between a garnishment and a mechanic's lien, see Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826(8), supra.

In view of the above illustration and of other unforeseeable and potential circumstances against which an owner of property exempt from a mechanic's lien, holding balance due the contractor, might need to protect or defend himself, we cannot say that the court, as aforequoted from the Holtville case, intended to hold that the Board of Education, in the absence of actual knowledge of the claim, was not entitled to statutory written notice as provided in § 46, Title 33, supra. The holding in that case is pivoted on the owner having

actual notice of the claim, for which reason written notice was not necessary.

We hold in the case before us that the complainant, in the absence of actual and admitted notice to and by the respondent Housing Authority of the facts required in the statutory written notice, was required to give the respondent-owner of the project verified written notice substantially in the manner and form required by § 46, Title 33, Code of 1940; otherwise his lien remains inchoate, Le Grand v. Hubbard, supra, and unenforceable against any unpaid balance in the hands of the Authority and due the contractor, Scott Brothers, pursuant to his construction contract.

A ground of demurrer by each respondent in this cause challenges the legal sufficiency of the complaint because it fails to allege that the complainant gave notice to the Housing Authority that the complainant claimed a lien on the subject property, with the amount thereof and for what purpose and from whom it was owing before filing any statement of his claim in the office of the Judge of Probate of Washington County.

Because of the absence of such allegation in the complaint that such notice was given, there being no averment of actual notice, supra, we think the several decrees of the trial court in sustaining the several demurrers of respondents were free of error, as was the court's decree in dismissing the complaint because of failure on the part of complainant to amend within the time required by law.

The several assignments of error are without merit and the decrees of the trial court are affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.