I respectfully dissent.
The majority states the issue to be whether the evidence was sufficient to establish that the purchaser had actual or constructive notice of the existence of facts which give rise to a materialmen's lien. Yet, because the majority makes the blanket assertion of an ironclad rule that purchase of a newly-built house constitutes constructive notice of a materialmen's lien, no true inquiry has been made into whether the particular facts and circumstances of this case can be fairly said to have put the Stareks on notice of the possible existence of a materialmen's lien.
It should be noted that this rule concerning purchase of a newly-constructed home is not taken from the language of the lien statute, but rather has been established by the courts in the cases that applied the statute. The general rule announced in those cases is that materialmen's liens, filed subsequent to the sale of property, cannot take precedence over the innocent purchaser unless that purchaser has actual or constructive notice of the claim of lien. Guaranty Pest Control, Inc. v.Commercial Investment Development Corp., 288 Ala. 604,264 So.2d 163 (1972); Lilly Flagg Building Supply Co. v. J.M.Medlin Co., 285 Ala. 402, 232 So.2d 643 (1970); Grimsley v.First Avenue Coal Lumber Co., 217 Ala. 159, 115 So. 90
(1927). I would not allow the obvious equity of this rule to be undercut by the rigid and oppressive exception relied upon by the majority: imposing constructive notice of a lien upon one who buys a newly-built home. I cannot accept the notion that the legislature intended the materialmen's lien statute to weight the scales of justice so heavily against the innocent purchaser, and would therefore overrule the cases which carve out this exception to the general rule.
Materialmen are most often in a superior position to that of the home buyer in protecting themselves against losses of the nature we are considering. To hold that the purchase of a new home, alone, is constructive notice of unfiled materialmen's liens places too heavy a burden on the home buyer.
Support for this conclusion is found in the materialmen's lien statute itself. Section 35-11-218 requires a subcontractor who does not deal directly with the property owner to give the owner written notice that he claims a lien. The purpose of this provision is to enable the owner to protect his interest.Rayborn v. Housing Authority of Washington County, 276 Ala. 498, 164 So.2d 494 (1964). The relationship of subcontractor to owner is similar to the relationship of materialman to an innocent purchaser. The property owner and home purchaser are both strangers to the transaction creating the debt to a materialman, and thus cannot protect their interest without notice given them.
Furthermore, to permit a materialman to enforce its interest against a purchaser without notice presents serious due process questions. Several courts have ruled that their states's materialmen's lien statutes are unconstitutional because they deprive property owners of a significant property interest without meeting the due process requirements of notice and a hearing. United States General, Inc. v. Arndt, 417 F. Supp. 1300
(E.D.Wis. 1976); Clement v. Four North State Street Corp.,360 F. Supp. 933 (D.N.H. 1973); Gunter v. Merchants Warren NationalBank, 360 F. Supp. 1085 (D.Me. 1973); Roundhouse ConstructionCorp. v. Telesco Masons Supplies Co., 168 Conn. 371,362 A.2d 778, vacated and remanded, 423 U.S. 809, 96 S.Ct. 20,46 L.Ed.2d 29 (1975), reaffirmed, 170 Conn. 155, 365 A.2d 393, 395
(1976). Barry Properties, Inc. v. Fick Brothers Roofing Co.,277 Md. 15, 353 A.2d 222 (1976). Those courts, basing their decisions on Sniadach v. Family Financial Corp., 395 U.S. 337,89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and its progeny, have held a debtor must be given notice before being deprived of his or her property interest. Although the constitutionality of the Alabama materialmen's lien statute is not here at issue, due process requirements indicate that an innocent purchaser for value must have some sort of *Page 40 
notice before his or her property may be attached.
For the reasons assigned, I would reverse the judgment below.
FAULKNER and ADAMS, JJ., concur.