ALMON, Justice.
This is an appeal 'from a judgment granting a writ of mandamus ordering the defendant housing authorities to pay judgments previously obtained against them by the plaintiff. We recently decided an appeal involving the same controversy wherein we affirmed the trial court’s order quashing garnishments against the housing authorities. Hamrick Construction Corp. v. Rainsville Housing Authority, 447 So.2d 1295 (Ala.1984). The trial court granted the instant writ of mandamus after it quashed the garnishments and before this Court affirmed that order.
In the former appeal, we noted that a remedy by way of mandamus might be available to plaintiff Hamrick even though the housing authorities’ funds were not subject to garnishment. We cited Ex parte Jones, 399 So.2d 246 (Ala.1981), and Mayor and City Council of Anniston v. Hurt, 140 Ala. 394, 37 So. 220 (1904), both holding that mandamus may lie against municipal *39 officials to compel payment of a judgment against the city.
The housing authorities filed their appellants’ brief before this Court announced its decision in the prior appeal and have not filed a reply brief, so we do not have a direct reply to the citation of authority in that opinion. The decision in Hamrick renders all but two of their arguments moot.
The first of the remaining arguments is that a housing authority is not a municipal corporation nor an arm or a subdivision thereof. This is true, and may be significant in some contexts, but it is not decisive in this appeal. As noted in Ham-rick, the legislature enacting the Housing Authorities Law declared that “An authority shall constitute a public body and a body corporate and politic exercising public powers ....” Code 1975, § 24-l-27(a). We also cited the statement in Rayborn v. Housing Authority of Washington County, 276 Ala. 498, 164 So.2d 494 (1964), that a housing authority’s “property for certain purposes is that of a municipal (county) corporation.” Housing authority officers are thus subject to mandamus under the same rationale and in the same circumstances as are public officials.
The housing authorities also argue that the instant case does not satisfy the requirements for issuance of a writ of mandamus as set out in Martin v. Loeb & Co., 349 So.2d 9, 10 (Ala.1977):
“(a) a clear legal right in petitioner to the order sought, (b) an imperative duty upon the respondent to perform accompanied by a refusal to do so, (c) a lack of another adequate remedy, and (d) the jurisdiction of the court must be properly invoked.”
Hamrick has a clear legal right to the enforcement of its judgment and, under our decision in Hamrick, lacks another adequate remedy.
The housing authorities claim that they have no duty to pay the judgments. They assert that Code 1975, § 24-l-6(a)(3), which requires housing authorities to take into account in determining necessary revenues “the cost of discharging all lawful obligations assumed by or imposed upon the authority or its property,” does not apply. They say that they have not assumed these obligations and the judgments have not been imposed upon them, because of the provision in § 24-1-40 that judgments shall not constitute a lien upon housing authority property.
We disagree. The housing authorities assumed these obligations by contracting with Hamrick for work in connection with the construction of rental units on the authorities’ property. Hamrick obtained judgments for the unpaid amounts due under the contracts. The housing authorities have not challenged these judgments. Furthermore, the judgments are lawful obligations imposed upon the authorities even though they do not constitute liens against the authorities’ property. The legislature gave housing authorities the power “[t]o sue and be sued,” Code 1975, § 24-1-27(a)(22). The fact that the legislature protected housing authority property from judgment liens does not bar the issuance of a writ of mandamus in the extraordinary case where housing authority officers refuse to pay validly imposed judgments.
Before issuing the writ of mandamus, the trial court gave the housing authorities the opportunity to present a plan for payment. They did not submit any such plan, so the court entered judgment issuing the writ directing the authorities to pay the amounts due on the judgments. Nothing in the record discloses that the housing authorities are financially unable to pay the judgments, nor that all of their rents and other monies are encumbered so that they would not be able to comply with the order. Neither do the briefs present anything from which we could conclude that the trial court abused its discretion in granting mandamus, so we are presented with nothing on which to reverse the judgment of the trial court. That judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.