[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs bring this action pursuant to P.B. § 540 et seq, for a writ of mandamus to recover the judgment entered in their favor in Machelle J. Neiditz, et al. v. The HartfordHousing Authority, Doc. No. 9106-3917, and affirmed in 231 Conn. 598
(1995). A hearing was held on September 22, 1995 and thereafter the parties submitted memoranda of law.
The parties stipulated to a finding of the following pertinent facts:
1. The plaintiffs Machelle J. Neiditz, Herman Neiditz and Janice Neiditz are respectively 78, 75 and 72 years old.
2. No amount has been paid against the underlying judgment.
3. As of September 22, 1995, the total judgment debt inclusive of interest but exclusive of attorneys' fees was $249,784.90.
4. In March 1995, the defendant tendered a partial payment of $15,886.13 with a proposed schedule of payment including accrued interest over the course of 15 years without collateral or security. The tender was refused.
5. In August 1995, the defendant offered to pay $100,000 toward the judgment with a proposed schedule of payment including accrued interest over the course of 10 years without collateral or security. The offer was refused.
Based upon the uncontroverted testimony of the defendant's Deputy Director of Administration and Fiscal Matters, the court finds further that the defendant Hartford Housing Authority is a public corporation created under C.G.S. § 8-40. Its purpose is to provide safe, decent and affordable housing to approximately 12,000 to 15,000 residents of Hartford with 4500 dwelling units. It provides low income and moderate income housing; only the low income housing is financed by HUD. HUD supplies 50% of the defendant's budget of 22 million dollars. As of the date of the hearing, the balance of defendant's operating account was $255,653.39, and its reserves totaled approximately three million dollars. CT Page 13348
The plaintiff seeks immediate payment of the judgment plus attorney's fees[1]. The defendant proposes to pay the judgment over a period of ten years. (Ex. E).
Discussion
There are limitations on the enforcement of a judgment against a housing authority. C.G.S. § 8-65 provides
 All real and personal property, including choses in action, of a housing authority shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against a housing authority be a charge or lien upon its real property; provided the provisions of this section shall not apply to or limit the right of the obligees to foreclose or otherwise enforce any mortgage of a housing authority or the right or obligees to pursue any remedies for the enforcement of any pledge or lien given by a housing authority on its rents, fees or revenues.
Because of this statutory limitation and the following provisions from § 8-54, the plaintiffs argue that a writ of mandamus is properly before this court.
 An obligee of an authority shall have the right, in addition to all other rights conferred on such obligee, subject only to any contractual restrictions binding upon such obligee: (a) By mandamus or other proceeding in the superior court, to compel such authority and the commissioners, officers, agents or employees thereof to perform each and every term, provision and covenant contained in any contract of such authority with or for the benefit of such obligee and to require the carrying out of any or all such covenants and agreements of such authority and the fulfillment of all duties imposed upon such authority by this chapter and (b), by suit or other proceeding in the superior court, to enjoin the performance of any acts which may be unlawful or in violation of any of the rights of such obligee of such authority.
C.G.S. § 8-54.[2]
CT Page 13349
The plaintiffs argue that because the property of the Housing Authority is exempt from execution under C.G.S. § 8-65 and, in light of the language of § 8-54, a writ of mandamus may be used to enforce their judgment against the defendant.
"Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to performance." Gelinas v. WestHartford, 225 Conn. 575, 586 (1993), citing McAllister v,Nichols, 193 Conn. 168, 171 (1984); C.G.S. § 52-485. Further, it is the plaintiff's burden to prove (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of the duty; and (3) that the plaintiff has no adequate remedy at law." Hennessey v. Bridgeport, 213 Conn. 656,659 (1990); see also Honan v. Greene, 37 Conn. App. 137, 143
(1995).
 I
As to the first prong, the defendant has a clear legal obligation to pay the judgment. The Connecticut cases cited by the plaintiffs for this proposition are The State ex rel. Adamsv. Crawford, 99 Conn. 378, 382 (1923) and Bonelli v. Mostyn,20 Conn. Sup. 390, 393 (1957), where Judge Shapiro noted: "A litigant who has procured a judgment or decree is entitled to have the same enforced, and the court may not rightly refuse proper writs or orders to secure such result." The parties agree there are no Connecticut cases involving a writ of mandamus for enforcement of a judgment against a housing authority. The plaintiffs have provided the court with a number of out of state cases that do affirm the use of a writ of mandamus to enforce a judgment against a housing authority. However, unlike the defendant housing authorities in those cases, namely Adler v.Lincoln Housing Authority, 623 A.2d 20 (R.I. 1993) and RainsvilleHousing Authority v. Hamrick Construction Corp., 456 So.2d 38
(Ala. 1984), Hartford Housing Authority has not denied this obligation and has presented two payment plans to satisfy the judgment.[3] While the defendant did file a Motion for Order of Payments in the underlying action to pay the judgment in installments, C.G.S. § 52-356d only applies to "natural persons." Accordingly, the court finds that the plaintiffs have proved the first prong. CT Page 13350
 II
As to the second prong of the mandamus test, the defendant argues that because it must exercise discretion in finding the funds to satisfy the judgment, the plaintiff cannot prevail. The plaintiff cites the case of State ex rel. Golembeske v. White,168 Conn. 278, 284 (1975) for the proposition that discretion in the manner of performing the duty does not defeat a writ of mandamus. ". . . [M]andamus will lie even if the exercise of the duty involves discretion, so long as existence of the duty is ministerial, and provided that the order issued does no more than require the duty to be performed, leaving the manner of its performance to the good faith discretion of the official charged." 168 Conn. At 284. As noted in I, supra, payment of a final judgment is not discretionary. Accordingly, the court finds that the second prong is met.
 III
Because of the provisions of C.G.S. §§ 8-65 and 8-54, the third prong of the mandamus test is met in this case. In addition, as noted in I, the provisions of C.G.S. § 52-356d
do not apply to this defendant so that neither party could use that statutory remedy for payment of the judgment.[4] The plaintiffs have no adequate remedy at law to compel enforcement of this judgment.
 IV
As the defendant noted, however, even if the plaintiffs have established all three prongs, a writ of mandamus will not lie if equity and the court's exercise of discretion dictate otherwise.Hennessey v. Bridgeport, 213 Conn. 656, 659-60 (1990), citingSullivan v. Morgan, 155 Conn. 630, 635 (1967). Further, the Appellate Court has noted specifically that a court should consider the ability of a housing authority to continue to operate in weighing the equities of a case. Seymour HousingAuthority Tenants Assn. v. Housing Authority, 18 Conn. App. 393,403, note 9 (1989).
Neither party has cited a case that addresses the use of a writ of mandamus to enforce a judgment against a housing authority where the housing authority has offered to pay the judgment in instalments. As noted previously in I, supra, this CT Page 13351 willingness to pay distinguishes this case from the Adler andRainsville cases cited by the plaintiffs. In weighing the equities in this unfortunately protracted proceeding, the court considered that willingness to pay along with the testimony and evidence as to the finances of the defendant. Defendant's Exs. B, C and D, which is the June correspondence between the defendant and the HUD Director, Office of Public Housing, along with the testimony of Mr. Roberge, convinced the court that, while an order of immediate payment of the judgment would not be equitable, neither would an order for a ten year payment schedule as suggested by the defendant. Taking into account the role of the defendant in providing low and moderate income residents of Hartford safe, decent and affordable housing, the court finds that plaintiffs are entitled to a writ of mandamus that does not order immediate payment of the judgment.
Conclusion
A writ of mandamus may issue ordering the defendant to pay the plaintiffs $100,000 within twenty days of this judgment and the balance, with the accrued statutory interest, in equal installments within three years: November 27, 1996, November 27, 1997 and November 27, 1998. The court awards reasonable attorneys fees of $12,000 for this action, which are to be paid in two installments: $4,000 on December 31, 1995, and $8,000 on December 31, 1996.
Judgment plus costs may enter accordingly.
Alexandra Davis DiPentima, Judge